**WALTER P. BROWN, Plaintiff**

v.

**VIRGIN ISLANDS TELEPHONE CORPORATION, a corporation, Defendant**

Civil No. 682-1972

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

August 4, 1972

RONALD T. MITCHELL, ESQ., St. Thomas, V.I., *for the plaintiff*

JOHN R. MAYER, ESQ., St. Thomas, V.I., *for the defendant*

HOFFMAN, *Judge*

### MEMORANDUM OPINION AND JUDGMENT

The complaint in this matter arose as a result of an erroneous billing of plaintiff's account by the defendant. The defendant now admits that the billing was in error, but denies liability for any damages occasioned by the subsequent termination of phone service beyond its liability under Rule 6 of the defendant's General Regulations to credit the subscriber's account for the 13 day disconnection. The original complaint in this matter was filed by Sidney A. Cohen, Esq. The plaintiff was later represented by substituted counsel, Ronald T. Mitchell, Esq. The defendant throughout has been represented by John R. Mayer, Esq.

This cause came on to be heard on March 15, 1972 and on May 17, 1972. Prior to the first hearing the Court on February 23, 1972 denied defendant's motion for summary judgment. Subsequently the parties by consent submitted a certified copy of the defendant's General Regulations as approved and on file with the Public Services Commission (defendant's exhibit A, dated May 17, 1972). The facts as developed from the testimony and evidence are these: the plaintiff has been a subscriber to the services of defendant for seven or eight years and has been a real estate broker in the Virgin Islands for 15 years. After receiving his phone bill dated March 15, 1971 in the amount of $13.50 the plaintiff failed to make a prompt payment and the phone company sent him a notice dated April 8, 1971 reminding him of the amount due and that service would be suspended. On April 15, 1971 after receiving no payment defendant again advised plaintiff that failure to pay would

result in disconnection of his service. On this same date defendant submitted to plaintiff subscriber the phone bill dated April 15, 1971. On April 22, 1971 the plaintiff made payment on his account, but did not pay for certain long distance charges which appeared on the April 15th bill. The defendant now admits that these charges which totalled $109.30 for calls to South Carolina and Michigan were erroneously billed to plaintiff's account. While the defendant admits that plaintiff is not responsible for these charges, the defendant contends that plaintiff was bound to comply with Rule 10A of defendant's regulations (defendant's exhibit A, dated May 17, 1972) which provides:

"In case of a dispute between a subscriber and the Company as to the correct amount of a bill rendered by the Company for services furnished to the subscriber, which cannot be adjusted to mutual satisfaction, the subscriber may deposit with the Commission the amount claimed by the Company to be due. Upon receipt of said deposit, the Commission will investigate the complaint and communicate its findings to the parties. The making of such deposit prior to the date on which disconnection is authorized under Rule 10 will suspend the right of the company to make such disconnection for nonpayment until after the commission has made findings under this Rule and specified a time within which the subscriber must pay the amount found to be due the Telephone Company."

Defendant concludes that plaintiff's failure to comply with this rule is an effective bar to his recovery of damages. While plaintiff has stipulated to the admission of the regulations as adopted by the Public Services Commission, he argues that the Rules do not provide an exclusive remedy for a subscriber who has been injured by a breach of contract or negligence by the defendant which causes an interruption in phone service.

After awaiting further payment by plaintiff of the $109.30 charge the defendant sent plaintiff a final notice advising him of defendant's intention to disconnect service.

As a result of plaintiff's failure to pay the disputed amount the defendant then disconnected plaintiff's phone service. The parties are in agreement that the service was interrupted for a 13 day period until the defendant reinstituted service after the error in billing was realized. (The defendant does not dispute the plaintiff's testimony that he called at the offices of defendant to report the billing error and to attempt to see an agent of defendant, Mr. Moncho. The defendant denies knowledge of such attempts, but the testimony of the plaintiff stands uncontradicted and leaves much to be desired as to the defendant's treatment of subscribers seeking to personally report complaints. In view of the Court's ruling below, however, this observation is of no legal consequence.)

As the defendant argues that plaintiff has failed to comply with Rule 10A and is therefore barred from recovery of damages, the defendant would limit plaintiff's recovery to the credit authorized under Rule 6:

"The Telephone Company shall allow subscribers credit in all cases where telephones are out of service in excess of twenty-four (24) hours, except when such charges are due to an act of the subscriber. The credit for outages will be calculated at an amount equal to one-thirtieth (1/30) of the fixed monthly billing for exchange service multiplied by the number of days or fractions thereof, out-of-service."

Plaintiff on the other hand argues that Rule 6 does not constitute the exclusive remedy available to a subscriber damaged by wrongful termination of service. The Court finds, however, that plaintiff has failed to establish any other actual pecuniary loss. The plaintiff testified that he earned $20,000.00 per year for the past three years from real estate connected business. Thus he did not demonstrate that the 13 day interruption caused any loss of earnings during the year in which it occurred. While the plaintiff testified that at the time of the disconnection he was in

111

negotiations with a company regarding the purchase of 50,000 square feet of warehouse space, the Court is unable to speculate on any pecuniary loss in this connection without a sufficient basis for estimating it with reasonable certainty. Restatement, Contracts, § 331. To be recoverable the damages sought must be the proximate result of the negligence or breach of contract by the phone company. 86 C.J.S., Tel. & Tel., Radio & Television, § 273(c). The plaintiff has shown no specific elements of damage as the proximate result of the disconnection. Further the plaintiff has failed to show that the defendant's act was either an intentional one or one motivated by malice, willfulness or indifference to the consequences so as to allow plaintiff to recover punitive damages on a tort theory of negligence. Of course if plaintiff's action is considered as one for breach of contract, punitive damages are clearly barred. Restatement, Contracts, § 342. The Court finds that plaintiff is entitled to actual damages of $5.41 by reason of the 13 day disconnection as computed under Rule 6 of the defendant's regulations. See 86 C.J.S., Tel. & Tel., Radio & Television, § 273(b). In light of this finding the Court does not reach a decision on the plaintiff's contentions that the defendant's General Regulations are unauthorized under the Virgin Islands Code, or that they are unconscionably asymmetrical, discriminatory, against public policy or otherwise unconstitutional. Accordingly, it is hereby

ORDERED that plaintiff is entitled to Judgment against defendant in the amount of $5.41 plus costs of $7.00 and attorneys fees of $200.00.